## No. 13,376.

### KENDALL *v.* LIVELY.
(31 P. [2d] 343)

Decided March 12, 1934.   Rehearing denied April 2, 1934.

Messrs. BOATRIGHT & BOATRIGHT, for plaintiff in error.

Mr. A. X. ERICKSON, Mr. EMORY L. O'CONNELL, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

KENDALL was defendant below.    Lively, as plaintiff, brought an action of slander against him in the district court and received a verdict for $200 actual damages and $275 exemplary damages.    Judgment was duly entered on the verdict.    The case is here for review.

The plaintiff was engaged in the business of producing and selling milk and operating a general dairy business in the town of Arvada and its vicinity.    The defendant was in the business of buying milk from various persons, treating and selling it in the same territory. They were thus business competitors.    Among the alleged slanderous utterances are words to the effect that the milk sold by the plaintiff was filthy, dirty, unhealthful, and taken from filthy and unhealthy cows, and that it showed on analysis an extremely high bacterial count and a high count of B. Coli (so called).    Other statements were along similar and equally objectionable lines concerning the business of the plaintiff.    In fact the expressions were such as to charge acts in violation of the state dairy commissioner act (C. L. 1921, §3072, amended by S. L. 1923, page 260, §1).    It is readily seen that these statements are actionable per se.    See Newell, Slander and Libel (4th Ed.), §§129, 138, 154.

The assignments of error raise a number of questions. 1.    The defendant claims the court erred in admitting evidence of allegedly defamatory words spoken

by his employees, whereas the complaint charged them against himself. That method of pleading a tort committed by one through his agent is proper and permissible. 39 C. J., page 1352, §1576; *Erisman v. McCarty*, 77 Colo. 289, 292, 236 Pac. 777, 779. The acts of servants or agents are then the acts of the master or principal. Newell, §330. The evidence is clear to the effect not merely that the employees were acting within the scope of their employment, but that the defendant authorized, instigated and ratified the alleged slanders. Hence there was no error in regard to the point raised.

■ 2. It is said that the complaint does not state facts sufficient to constitute a cause of action, that there is a fatal variance between pleadings and proof, and that the evidence fails to establish a cause of action. We think the pleadings are adequate and the proof ample. Because of what we have said above about holding a principal for the slander emanating from his agent, we find no variance.

■ 3. The contention is put forth that the actual damages awarded are unreasonable, unconscionable, and excessive for the reason that there was no proof of damage. Where words are actionable per se, which is the case here, injury is presumed without the pleading or proving of special damage, and a plaintiff is entitled to general damages as a matter of course. These are recoverable by inference of law and require no evidence. Newell, §721.

■ 4. The defendant also objects that the award of exemplary damages was unreasonable, unconscionable, and excessive because there was no evidence of any damage, or of malice or conduct constituting a wanton or reckless disregard of the plaintiff's rights or feelings. No evidence of special damage is necessary. And it must be remembered that evidence of the malice, wantonness or recklessness entitling to exemplary damages may be either direct or circumstantial. We think that, under the conflicting evidence in the record before us, the jury

was justified in awarding the exemplary damages. The latter are not manifestly excessive or otherwise improper.

5. The defendant does not complain of the instructions except in relation to two specified portions of the given instruction numbered 3. These portions, when lifted out of their context, are naturally incomplete statements of law and may therefore seem incorrect. However, in compliance with a just and universally applied principle, these passages along with the remainder of the instructions are to be read together and must be considered as a unified whole. So read and considered, the instructions as given constitute a fair, full, and reasonably accurate charge to the jury. No error is perceived in this regard.

The matters discussed above were ably presented, principally in connection with demurrers to the complaint and in the course of the trial on objections to evidence, motions to strike evidence, motions for a directed verdict after the plaintiff rested in chief and after he rested in rebuttal, and a motion for a new trial. The particular rulings that involved the questions raised need not be taken up in detail. Suffice it to say that there was no prejudicial error in any ruling on the law of this case. At the request of both parties the case, though pending on application for supersedeas, is now disposed of on its merits.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.