Joseph F. FILLIBEN, Jr., Plaintiff Below, Appellant,

v.

Joseph Ben JACKSON, Jr., Defendant Below, Appellee.

Supreme Court of Delaware.

Oct. 25, 1968.

Harold Leshem, of Booker, Leshem, Green & Shaffer, Wilmington, for plaintiff below, appellant.

Louis L. Redding, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The appellant, Joseph F. Filliben, Jr., brought suit in Superior Court against the appellee, Joseph Ben Jackson, Jr., seeking damages for an alleged defamation. After plaintiff's case in chief was completed, the trial Court directed a verdict in favor of the defendant. It is this ruling which is now questioned.

The appellant, who was a police officer, alleged in his complaint that the appellee maliciously made formal charges against him to the United States Attorney, knowing them to be false. According to the complaint, the alleged untrue charges accused him of "police brutality." At the trial, the appellee admitted that he did have a conversation with the Federal District Attorney, but the record does not disclose precisely what statements were then made by the appellee. There was introduced into evidence, however, a letter written by appellee to Joseph Errigo, who was at the time Commissioner of Public Safety for the City of Wilmington. It was also shown that a copy of that letter was delivered to the Federal Bureau of Investigation. This letter, admitted *into* evidence *without objection*, constituted the basis of the complaint.

The motion for directed verdict was based on the ground that there was a

fatal variance in that there was no proof of any defamatory statement made to the United States Attorney as alleged in the complaint. The Court's ruling was based solely upon that ground. Appellant argues that the ruling was incorrect because, when the letter was admitted into evidence without objection, the pleadings were impliedly amended under Superior Court Civil Rule 15(b), Del.C.Ann. We agree with that contention.

Rule 15(b) is precisely the same as the Federal Rule of Civil Procedure bearing the same designation. Under it, failure to object to the admission of testimony is an implied consent to the amendment. 3 Moore's Federal Practice (2nd ed.) 994; Eisenrod v. Utley, 9 Cir., 211 F.2d 678. Such is the situation in the present case. The evidence showed a publication to the Commissioner of Public Safety (appellant's highest superior) and to the Federal Bureau of Investigation, rather than to the United States District Attorney; the variance consisted solely in the identity of the persons to whom the charges were made. Direction of the verdict was accordingly unjustified.

Appellee's brief raises for the first time two additional arguments to support his contention that the judgment should be affirmed despite the error mentioned above. Although these contentions have not been passed upon by the Court below, we will rule upon them for the guidance of the trial Judge in the future handling of the case.

 The first contention is that the letter written by appellee "is so vague, inconclusive and nebulous that it could not justify a verdict that defendant made a defamatory utterance relating to plaintiff." This proposition, in our opinion, is a matter for the trier of fact. A jury could reasonably find that the letter charges the appellant with the use of excessive and unjustified physical force in arresting the appellee which, in our opinion, is the equivalent of "police brutality;" indeed, appellant testified that, if the charges had been found to be true, they would have justified his dismissal from the force. We find no merit in this argument.

Secondly, appellee contends that the appellant, as a police sergeant, was a public official within the meaning of New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, and that there was no showing of malice as defined in that case. Assuming, without deciding, that appellant was a "public officer," we are of the opinion that the issue of malice is a matter for the trier of fact. The appellant denied the truth of the charges; their nature is such that the jury could properly find that appellee actually knew they were false. Such a finding would suffice to demonstrate malice, under the *Sullivan* rule, supra. See Ross v. News-Journal Company, Del., 228 A.2d 531.

The judgment below must be reversed and remanded for further proceedings consistent herewith.