### No. C-1230

### S. Donald Rowe, d/b/a Rowe Realty v. Fred C. Metz, D.D.S.
#### (579 P.2d 83)

Decided May 30, 1978.

James C. Mallon, Thomas J. Curry, for petitioner.

Calvert & Calvert, David R. Calvert, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals reversing the trial court's award of damages in this slander *per se* case. The court of appeals, relying upon *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), held that presumed damages were impermissible under the facts of this case. *Rowe v. Metz,* 39 Colo. App. 20, 564 P.2d 425 (1977). We now reverse the court of appeals and reinstate the judgment of the trial court.

Plaintiff sued defendant for slander, alleging a reckless disregard of his rights. The suit involves neither a public official or public figure as a plaintiff, nor a media defendant. The plaintiff offered sufficient evidence at trial to satisfy the jury that the defendant had made slanderous remarks about plaintiff. Plaintiff, however, did not plead or offer proof on the issue of damages but rather relied upon the doctrine of slander *per se* with its presumption of damages. The jury was instructed on slander *per se* principles and returned a verdict in favor of the plaintiff against the defendant, in the amount of $1,000 compensatory and $2,500 punitive damages. No issue is made here as to the amount of damages awarded.

In *Gertz v. Robert Welch, Inc., supra,* the United States Supreme Court held, in a defamation suit against a media defendant, that presumed damages were unconstitutional without proof of actual malice. This case presents the issue of whether the *Gertz* holding should be extended to defamation actions by private plaintiffs against nonmedia defendants. The court of appeals held that *Gertz* should apply equally in this situation. We disagree.

In *Gertz,* the Supreme Court held as follows:

" . . . the States may not permit recovery of presumed or punitive damages, at least when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth." 418 U.S. at 349, 94 S.Ct. at 3011, 41 L.Ed.2d at 810.

That case, however, involved a media defendant and the opinion is replete with references to "newspapers," "broadcasters," "publishers," and the "media." The literature on the problem indicates little disagreement as to the limited scope of *Gertz,* insofar as the statements in that case are concerned.[1]

Defendant nonetheless argues that *Gertz* must logically be applied to nonmedia defendants since the press does not generally enjoy any greater rights than do private citizens. Limiting *Gertz* solely to media defendants, he asserts, gives the media greater rights and precludes consistency in defamation law. While it is true that our decision today means that media and nonmedia defendants may be treated differently in certain areas with respect to proof of damages, we are not persuaded that this differentiation is unwarranted.

This state very early adopted the rule permitting presumption of damages in certain so-called *per se* situations. *See, McKenzie v. Denver Times Publishing Co.,* 3 Colo. App. 554, 34 P. 577 (1893). The rationale

---

[1] *See, e.g.,* Brosnahan, *From Times v. Sullivan to Gertz v. Welch: Ten Years of Balancing Libel Law and the First Amendment,* 26 *Hastings L.J.* 777 (1975); Eaton, *The American Law of Defamation Through Gertz v. Robert Welch, Inc. and Beyond: An Analytical Primer,* 61 *Va.L.Rev.* 1349 (1975); *Restatement (Second) of Torts,* §580-B, Comment d (Tentative Draft No. 21, 1975).

for this rule derived from the difficulty of proving damages in these instances. This is particularly true where, as here, the defamatory remarks relate to the conduct of an individual's business affairs. It is the rare case in which a slander will destroy business profits in such a way that the loss can be directly traced to the slanderous remarks. Thus, due to the intangible nature of the harm resulting from certain slanders and libels, the common law retained the notion of presumed damages for various types of defamatory utterances. *See generally, Restatement (Second) of Torts*, §§569-570.

As indicated, the policy considerations underlying the presumption of damages in slander *per se* cases are still valid today. In *Gertz*, the Supreme Court balanced these considerations against the need for a "vigorous and uninhibited press," and determined that the latter deserved the greater protection. We do not think, however, that this "equitable boundary" should be blindly applied to the case of a private plaintiff against a nonmedia defendant for a defamation which is essentially private in nature.

In reviewing the United States Supreme Court cases in this area, apart from *Gertz,* attention is focused on the need for constitutional protection of freedom of the press and *free speech whenever public officials, public figures, or issues of public concern are involved. Compare, New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), *with Rosenbloom v. Metromedia, Inc.,* 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971). A cogent restatement of this proposition appears in *New York Times Co. v. Sullivan, supra,* where it was said:

"Purely private defamation has little to do with the political ends of a self-governing society. The imposition of liability for private defamation does not abridge the freedom of public speech or any other freedom protected by the First Amendment. [footnote omitted.]" *New York Times Co. v. Sullivan,* 376 U.S. at 301-302, 84 S.Ct. at 737, 11 L.Ed.2d at 721 (Goldberg, J. concurring); quoted in *Calero v. Del Chemical Corp.,* 68 Wis.2d 487, 228 N.W.2d 737 (1975).

In this light we think the balance should be struck in favor of the private plaintiff where his reputation has been injured by a nonmedia defendant in a purely private context. We held, therefore, that in such cases, and where the remarks are defamatory *per se*, the common law rule permitting presumption of damages remains applicable. *Accord, Harley-Davidson Motorsports, Inc. v. Markley,* 279 Or. 361, 568 P.2d 1359 (1977).

The judgment of the court of appeals is reversed and the case returned to it with directions to remand to the trial court to reinstate the judgment in favor of the plaintiff.