Thomas E. DORR and Carol Ann Dorr, Plaintiffs-Appellants,

v.

C.B. JOHNSON, INC., a Colorado corporation, and Ralph Walters, Defendants-Appellees.

No. 82CA0723.

Colorado Court of Appeals, Div. III.

Feb. 3, 1983.

518

Michael M. Dutcher, Ouray, for plaintiffs-appellants.

Jones, Meiklejohn, Kehl & Lyons, David E. Driggers, Denver, for defendants-appellees.

VAN CISE, Judge.

This is a tort action arising out of an accident in May 1978 in which plaintiff Thomas E. Dorr (employee) received injuries while driving a truck in the course of his employment with defendant C.B. Johnson, Inc. (employer). Plaintiff Carol Ann Dorr is employee's wife. Defendant Ralph Walters is the manager of employer.

In their complaint filed in May 1979, the Dorrs pled three claims: (1) conversion of employee's personal property left in the truck after the accident, (2) libel and slander for remarks made by defendant in the report filed with the Department of Labor and Employment (Department) in the course of employee's claim for workmen's compensation and for republishing some of the statements to third persons, and (3) outrageous conduct for defendants' actions at the time of and following the accident. Defendants denied most of plaintiffs' allegations, and pled affirmative defenses of privilege, truth, laches, and failure to state a claim. They counterclaimed for their consequential damages arising from employee's negligence.

Following a pretrial conference and the submission of briefs by both sides, the trial court, based on the pleadings, dismissed the libel and slander and outrageous conduct claims. It also entered a C.R.C.P. 54(b) order making the dismissal of those claims a final judgment for purposes of appeal even though plaintiffs' conversion claim and defendants' counterclaim are still pending.

Plaintiffs appeal. We affirm in part and reverse in part.

## I. LIBEL AND SLANDER

None of the statements claimed to have been made by defendants were defamatory of or concerning plaintiff Carol Ann Dorr. Therefore, the dismissal of these claims as to her was proper. *Lininger v. Knight,* 123 Colo. 213, 226 P.2d 809 (1951); *Inter-State Detective Bureau, Inc. v. Denver Post, Inc.,* 29 Colo.App. 313, 484 P.2d 131 (1971).

The employee admitted, and we agree, that the statements concerning him contained in the report required to be filed with the Department pursuant to the Workmen's Compensation Act were absolutely privileged communications. *See Lininger v. Knight, supra; MacLarty v. Whiteford,* 30 Colo.App. 378, 496 P.2d 1071 (1972). However, he contends that the privilege does not extend to defamatory statements concerning him published by defendants to third persons not involved in the workmen's compensation proceedings, and that the trial court erred in so holding. We agree.

In the complaint, the employee alleged that:

"On various occasions subsequent to May 14, 1978, Ralph Walters made statements to various persons, including Ernie Coleman, Billie Anderson and Bob Weeks, alleging that Plaintiff had been intoxicated at the time of the accident and that such intoxication had been responsible for the accident."

■ Here, he is not referring to the statements contained in the report filed with the Department. He bases his claims on other allegedly slanderous statements made by Walters to other persons subsequent to the date of the accident. Each of these alleged statements is a separate slander claim. *See Spears Free Clinic & Hospital For Poor Children v. Maier,* 128 Colo. 263, 261 P.2d 489 (1953). As pled, there is no basis for privilege as to any of these statements. *See Wertz v. Lawrence,* 66 Colo. 55, 179 P. 813 (1919).

■ Defendants contend, however, that the claims based on these statements to third persons were properly dismissed because the statements are not slanderous *per se* and, since special damages were not pled, are not slanderous *per quod.* We agree that the complaint does not allege special damages and that, therefore, a claim for slander *per quod* cannot be maintained. *Inter-State Detective Bureau, Inc. v. Denver Post, Inc., supra.* However, we conclude that, on the facts as pled in this case, the alleged statements do constitute slander *per se.*

■ To be slanderous *per se,* a statement must be oral and, in the context of this case, must impute to the plaintiff the commission of a crime or defame the plaintiff in his trade, business, profession, or office. *Bernstein v. Dun & Bradstreet, Inc.,* 149 Colo. 150, 368 P.2d 780 (1962). As pled, the alleged statements defamed the employee in his trade or business and are, therefore, slanderous *per se* as a matter of law. *Restatement (Second) of Torts* § 573 (1977). *See Kendall v. Lively,* 94 Colo. 483, 31 P.2d 343 (1934). *See also Rowe v. Metz,* 195 Colo. 424, 579 P.2d 83 (1978). There-

fore, we need not address the question whether, at the time these statements were made, a charge of driving while intoxicated, a violation of § 42–4–1202(1)(a) and (4), C.R.S.1973, is a "crime" as defined in *Cinquanta v. Burdett,* 154 Colo. 37, 388 P.2d 779 (1963) or in *Restatement (Second) of Torts* § 571 (1977).

■ Also, even if, as contended by defendants, these statements were expressions of opinion, they are still slanderous *per se* because these words "gave rise to the inference that there are undisclosed facts that justify the forming of the opinion expressed." *Restatement (Second) of Torts* § 566 and comment b thereto. *Cf. Bucher v. Roberts,* 198 Colo. 1, 595 P.2d 239 (1979); *Burns v. Denver Post, Inc.,* 43 Colo.App. 325, 606 P.2d 1310 (1979).

■ The trial court held that the Workmen's Compensation Act (the Act) provides the exclusive remedy for damages arising out of or relating to an accident which, as here, is covered by the Act. It, therefore, dismissed the slander claims for that reason also. *See Kandt v. Evans,* 645 P.2d 1300 (Colo.1982); *Ellis v. Rocky Mountain Empire Sports, Inc.,* 43 Colo.App. 166, 602 P.2d 895 (1979). Plaintiffs contend that this was error. They assert that workmen's compensation is not the exclusive remedy of an employee when he complains of conduct of his employer occurring *after* an accident and injury covered by the Act where, in the tort action, no damages are claimed for personal injury or aggravation of personal injury. We agree with plaintiffs' contention.

■ As pled, it does not appear that the employee's injuries from the statements to the third persons were sustained by him while he was performing any service arising out of and in the course of his employment. In fact, his employment had been terminated as a result of the accident. Therefore, it was error for these claims to be dismissed on the pleadings. *See Kandt v. Evans, supra.*

## II. OUTRAGEOUS CONDUCT

In their complaint plaintiffs claim that the totality of defendants' conduct alleged to have occurred after the accident was outrageous and actionable as such. This included converting employee's property left in the truck, not returning his telephone calls, not providing transportation for his return to his home from the hospital where his injuries had been treated, filing an accident report containing false and libelous statements concerning his driving, publishing slanderous statements to persons not concerned with the workmen's compensation proceedings, and delaying his compensation by late filings with the Department. As in the slander claims, the trial court held that the Workmen's Compensation Act provided "the exclusive remedy for damages arising out of or relating to an accident covered by said act" and, therefore, dismissed this claim on that basis.

We agree with the result reached by the trial court, the dismissal of the claim, but for a different reason. *See Klipfel v. Neill,* 30 Colo.App. 428, 494 P.2d 115 (1972).

"Liability [for outrageous conduct] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim; 'Outrageous!'" *Restatement (Second) of Torts* § 46 comment d (1965); *Meiter v. Cavanaugh,* 40 Colo.App. 454, 580 P.2d 399 (1978); *Blackwell v. Del Bosco,* 35 Colo.App. 399, 536 P.2d 838 (1975).

"It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability." *Restatement (Second) of Torts* § 46 comment h; *Vigoda v. Denver Urban Renewal Authority,* 624 P.2d 895 (Colo.App.1980) aff'd in part, rev'd in part on unrelated grounds 646 P.2d 900 (Colo.1982); *Meiter v. Cavanaugh, supra; DeCicco v. Trinidad Area Health Ass'n,* 40 Colo.App. 63, 573 P.2d 559 (1977); *Blackwell v. Del Bosco, supra.*

Assuming, *arguendo,* that incidents which separately would not serve as a basis for relief, such as privileged statements to the Department and certain matters covered by the Act, may be considered in determining whether the aggregate pattern of conduct constitutes the tort of outrageous conduct, we hold that, under the general facts pleaded, defendants' conduct could not reasonably be regarded as "so extreme and outrageous" as to permit recovery in this action. Thus, the complaint does not state a claim of outrageous conduct for which recovery may be had.

Since the plaintiffs failed to state a claim for outrageous conduct, we need not address the issue of exclusivity of the Workmen's Compensation Act remedy as applied to the circumstances of this case.

The judgment dismissing the outrageous conduct claim and the libel claim based on statements in the report to the Department is affirmed. The judgment dismissing the slander claims based on statements to third persons not involved in the workmen's compensation proceeding is affirmed as to plaintiff Carol Ann Dorr and reversed as to plaintiff Thomas E. Dorr. The cause is remanded to the trial court with directions to reinstate Thomas E. Dorr's slander claims and for further proceedings.

KELLY and KIRSHBAUM, JJ., concur.