**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| LLOYD CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. N18C-11-201 CLS |
| HARIM USA, LTD., a Delaware ) | |
| Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Date Submitted: October 13, 2023
Date Decided: November 1, 2023

*Upon Defendant's Renewed Motion for Summary Judgment.* **GRANTED.**

## ORDER

D. Miika Roggio, Esquire, Silverman McDonald & Friedman, Wilmington, Delaware, 19803, Attorney for Plaintiff, Lloyd Chapman.

Daniel P. Bennett, Esquire, Mintzer Sarowitz Zeris Ledva & Meyers, LLP, Wilmington, Delaware, 19801, Attorney for Defendant, Harim USA, Ltd.

**SCOTT, J.**

1

## INTRODUCTION

Before the Court is Defendant's, Harim USA, Ltd. ("Harim"), Motion for Summary Judgment. Harim contends that this Court should grant summary judgment in its favor because Plaintiff, Lloyd Chapman ("Chapman"), has failed to identify an expert to testify that Harim's employee breached its duty of care in maintaining a machine in a chicken production facility and caused a metal plate to fall on him. After reviewing the Motion and Plaintiff's Response, this Court finds that Harim's Motion is **GRANTED.**

## BACKGROUND/PARTIES CONTENTIONS

Chapman alleges that he was injured while performing his cleaning duties at the Harim chicken production facility in Harbeson, DE on July 19, 2017. He alleges his injuries were caused by the negligence of Harim. At his deposition in December 2020, Chapman testified that he was picking up chicken scraps from beneath a machine called a "skinner". He claims that as he stood up beneath the machine, a piece of the machine, a metal plate, fell from several feet above his head and struck him on the right side of his neck, head, and shoulder. He speculates that a pin which goes through the metal plate to keep it in place may have come loose, causing the plate to fall and strike him. Chapman claims that he took pictures of both the machine and the bent pin with his cell phone, but he also claims that he lost the phone and the pictures with it. He does not believe that he previously produced the photographs to

2

his attorney. Similarly, an unknown person purportedly recorded a video description of the sequence of events, but Chapman is not able to produce this video recording.

Harim's Motion for Summary Judgment was initially filed in July 2022. At that time, Chapman requested an extension to conduct further discovery with respect to a witness in order to be able to retain an expert. The Court granted Chapman's request on August 29, 2022. On September 29, 2022, the Court entered a new Trial Scheduling Order imposing a deadline of February 28, 2023 for plaintiff's experts. When Chapman's witness failed to show for his deposition, Chapman requested another continuance of the expert deadline and Trial. The Court granted such motion on March 6, 2023, allowing for specific discovery and an extension of all deadlines for six months. Based upon said Order, Chapman's expert deadline would be August 31, 2023. Chapman did not complete the requested deposition nor provide any expert reports by the deadline. Defendant renews its Motion for Summary Judgment on September 11, 2023.

Harim, in this renewed Motion, argues summary judgment should be granted because apart from Chapman's assertion that a pin came loose, causing the metal plate to fall, Chapman has failed to provide any evidence with respect to this causal chain. Additionally, Harim argues Chapman has not identified any experts who could testify to his theory of how the incident occurred or the negligence of the defendant.

Harim, in opposition, argues the renewed Motion should be denied because "Based on Plaintiff's testimony[1], together with Defendant's effective admission that it was responsible for maintenance of the machine in question, a jury could reasonably conclude that negligence on the part of Defendant caused the accident."

## STANDARD OF REVIEW

Summary judgment may only be granted when no genuine issues of material fact exist.[2] The moving party bears the burden of establishing the non-existence of genuine issues of material fact.[3] If the burden is met, the burden shifts to the non-moving party to establish the existence of genuine issues of material fact.[4] "Where the moving party produces an affidavit or other evidence sufficient under Superior Court Civil Rule 56 in support of its motion and the burden shifts, then the non-moving party may not rest on its own pleadings, but must provide evidence showing a genuine issue of material fact for trial."[5] If genuine issues of material fact exist, or if the Court determines that it does not have sufficient facts to enable it to apply the

---

[1] A. the "chute" which struck him was not in place properly, and was being held in place by a makeshift bold or bin that appeared to be damaged and
B. the issue of the improper fastening of the chute was brought to the attention of Defendant's personnel as a potential safety issue prior to the accident alleged by Plaintiff
[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.Supr.1979).
[3] *Id.*
[4] *Id.* at 681.
[5] Super. Ct. Civ. R. 56(3); *Ramsey v. State Farm Mutual Automobile Insurance Co.*, 2004 WL 2240164, at *1 (Del.Super.)(citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322–23 (1986)).

law to the facts before it, then summary judgment is inappropriate.[6] The court must view the facts in the light most favorable to the non-moving party.[7] Issues of negligence are generally not susceptible to summary judgment.[8]

Delaware Rule of Evidence 702 provides that "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."[9] However, there are some situations when expert testimony is required. In *Weaver v. Lukoff*[10], the Supreme Court of Delaware stated that "[a]s a general rule the standard of care applicable to a professional can only be established through expert testimony. An exception to this rule exists, however, when the professional's mistake is so apparent that a layman, exercising his common sense is perfectly competent to determine whether there was negligence."[11]

In addition, the issue of proximate cause is ordinarily a question of fact to be submitted to the jury.[12] In *Money v. Manville Corp. Asbestos Disease Comp. Trust*

---

[6] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del.1962).
[7] *Lupo v. Medical Center of Delaware*, 1996 LEXIS 46, at *5 (Del.Super.).
[8] *Frelick v. Homeopathic Hosp. Ass'n of Del.*, 150 A.2d 17 (Del.Super.Ct.1959).
[9] *Smith v. Chrysler Corp.*, 1996 WL 945018, at *2 (Del.Super.).
[10] *Weaver v. Lukoff*, 1986 WL 17121 (Del.Supr.).
[11] *Id.*
[12] *Mazda Motor Corp. v. Lindahl*, 706 A.2d 526, 533 (Del.1998).

*Fund*,[13] the Delaware Supreme Court held that "it is permissible for a plaintiff to make a prima facie case that a defendant's conduct was a proximate cause of plaintiff's injuries, based upon an inference from the plaintiff's competent evidence, if such a finding relates to a matter which is within a lay person's scope of knowledge."[14] However, "[i]f the matter in issue is one within the knowledge of experts only and not within the common knowledge of laymen, it is necessary for the plaintiff to introduce expert testimony in order to establish a prima facie case."[15] The inquiry in this case is whether expert testimony is needed to establish a prima facie case that Harim breached its standard of care and thereby caused the metal plate to fall.

## DISCUSSION

In this present case, it is disputed whether Harim's maintenance of the "skinner" machine used in its poultry processing plant was negligent and thereby caused the chute to strike Chapman. Where "negligence is charged against a person or firm in a trade, the jury is instructed that:

> [Plaintiff] has alleged that [defendant] was negligent in [the alleged negligent conduct]. One who undertakes to render services in the practice of a profession or trade is always required to exercise the skill and knowledge normally held by members of that profession or trade in good standing in

---

[13] *Money v. Manville Corp. Asbestos Disease Comp. Trust Fund*, 596 A.2d 1372, 1375 (Del.1991).
[14] *Id.*
[15] *Id.*

6

communities similar to this one. If you find that [defendant] held [itself] out as having a particular degree of skill in [its] trade or profession, then the degree of skill required of [defendant] is that which [it] held [itself] out as having."[16]

Harim, an experienced poultry processing company renders services in the practice of its profession. In rendering these services, Harim and its employees clearly hold themselves out as having a particular degree of skill and expertise, thus, requiring Harim to exercise a specialized degree of care in maintaining their facility.[17] Without expert testimony in this case, "jurors would be forced to surmise about the particular degree of skill and how to measure it against"[18] Harim's maintenance of the facility on the day of the accident.

This Court finds that expert testimony is needed to determine exactly how "skinner" machine works, to demonstrate both that Harim's negligence caused a pin to come loose and that the loose pin caused the piece of metal to fall. This type of information is not within the common knowledge of laymen. Thus, without this information and knowledge, this Court finds that jurors would be unable to

---

[16] *Brandt v. Rokeby Realty Company, et al.*, 2004 WL 2050519, at *6 (Del.Supcr.)(citing *Tydings v.Lowenstein*, 505 A.2d 443, 445 (Del.1986); *Seller v. Levitz Furniture, Co.*, 367 A.2d 999, 1007–08 (Del.1976); *Sweetman v. Strescon Indus., Inc.*, 389 A.2d 1319, 1324 (Del.Super.Ct.1978); See also Restatement (Second) of Torts § 299A (1965)).
[17] *Id.* (citing *Ruddy v. Moore*, 1997 WL 717790, at *8 (Del . Super.)(expert testimony presented concerning HVAC installation)).
[18] *Id.*

sufficiently determine whether there was negligence. In addition, under circumstances where poultry processing plants are using heavy machinery, and there is an allegation of negligent servicing, this Court finds that a layperson would be unable to form an intelligent judgment, without the aid of an expert, as to whether the poultry processing plant's actions fell below the standard of care and caused the chute to fall on Plaintiff. Here, the causal nexus between Chapman's injuries and action or omission of Harim is not obvious and is not within the common knowledge of a layperson. A lay jury's finding that Harim's conduct caused Chapman's injuries would be mere speculation. Therefore, this Court finds that expert testimony is needed to establish that the chute would not have fallen but for the acts or omissions of Harim. As such, this Court finds as a matter of law that expert testimony is needed.

## CONCLUSION

For the foregoing reasons, Defendant's Renewed Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**

8