Odell BROOKS, Plaintiff–Appellee,

v.

Theodore W. JACKSON and Janice R. Jackson, Defendants–Appellants.

No. 90CA0365.

Colorado Court of Appeals, Div. II.

June 20, 1991.

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Clifford L. Beem & Associates, P.C., Stuart D. Mann, Clifford L. Beem, Denver, for plaintiff-appellee.

Olsen and Brown, John R. Olsen, Boulder, for defendants-appellants.

Opinion by Judge METZGER.

In this proceeding concerning prejudgment interest on a libel judgment, we affirm the trial court ruling that such interest was to be included in the judgment entered.

In October of 1985, a jury returned a verdict of $15,000 in favor of plaintiff, Odell Brooks, on his claim of libel *per se* against defendants, Theodore W. and Janice R. Jackson, and other defendants not party to this appeal. Although plaintiff had requested interest in his complaint, the judgment entered on the verdict did not include any amount therefor. The judgment was not appealed.

Thereafter, the judgment collection process commenced, and defendants paid, by way of wage garnishment, what they believed to be the full amount of the judgment. Accordingly, approximately five years after the judgment was entered, they moved for entry of satisfaction of judgment.

Plaintiff responded with a motion to correct judgment pursuant to C.R.C.P. 60(a), on the basis that the trial court had inadvertently failed to include the amount of prejudgment interest plaintiff was owed. Thus, he contended, defendants' motion should be denied.

After considering briefs and arguments of counsel, the trial court ruled that an action for libel *per se* is an action for personal injuries, thus qualifying for automatic prejudgment interest pursuant to § 13–21–101, C.R.S. (1987 Repl.Vol. 6A). Further, relying on *Crosby v. Kroeger*, 138 Colo. 55, 330 P.2d 958 (1958), it granted plaintiff's motion to correct the judgment pursuant to C.R.C.P. 60(a), and awarded interest to plaintiff from the date the ac-

tion had accrued. Defendants appeal both rulings.

## I.

■ Defendants first contend that the trial court erred in determining that defamation is a personal injury as contemplated by § 13–21–101, C.R.S. (1987 Repl. Vol. 6A). They argue that defamation is, "by its essence," a property injury. We disagree.

As early as 1898, our court noted:

"Torts may be divided into two general classes—the first, designated as 'property torts,' embracing all injuries and damages to property, real or personal; the second, known as 'personal torts,' including all injuries to the person, whether to reputation, feelings, or to the body. A tort which is not an injury to property is a personal tort."

*Mumford v. Wright*, 12 Colo.App. 214, 55 P. 744 (1898); *see also Williams v. Williams*, 20 Colo. 51, 37 P. 614 (1894).

A communication is defamatory "if it tends so to harm the reputation of another so as to lower him in the estimation of the community...." Restatement (Second) of Torts § 559 (1976). Indeed, the law of defamation developed for the protection of reputation. *See Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 408 F.Supp. 1219 (D.Colo.1976). *See also* L. Eldredge, *The Law of Defamation* §§ 1–4 (1978).

A person's reputation is uniquely personal, and actions which injure one's reputation can amount to a deprivation of a liberty, as opposed to a property, interest. *Wheeler v. School District # 20*, 188 Colo. 262, 535 P.2d 206 (1975). Thus, for example, defamatory remarks relating to the conduct of an individual's business, tantamount to defamation of his business and professional reputation, amounted to slander *per se* because injury to reputation is presumed. *Rowe v. Metz*, 195 Colo. 424, 579 P.2d 83 (1978).

Accordingly, we hold that defamation is a personal injury and not an injury to property. Consequently, the trial court correctly ruled that the automatic prejudgment

interest provisions of § 13–21–101, C.R.S. (1987 Repl.Vol. 6A), pertaining to judgments entered for personal injury, apply. *See Miller v. Carnation Co.*, 39 Colo.App. 1, 564 P.2d 127 (1977); *see also American Insurance Co. v. Naylor*, 103 Colo. 461, 87 P.2d 260 (1939).

## II.

 Defendants next assert that the trial court erred in applying C.R.C.P. 60(a) to award prejudgment interest to plaintiff. They argue that the passage of five years between entry of the judgment and the interest award was too long for that rule to be applicable. We find no error.

C.R.C.P. 60(a) provides:

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court *at any time* of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the case is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." (emphasis added)

Failure to include interest in a judgment is an oversight or omission on the part of the trial court, thus falling squarely within the provisions of C.R.C.P. 60(a). *Crosby v. Kroeger, supra*. If the law allows the award of pre-judgment interest to a plaintiff, the addition of this sum to the verdict "is a ministerial act that is mandatory and does not require the exercise of judgment or discretion." *Crosby v. Kroeger, supra*.

Section 13–21–101, C.R.S. (1987 Repl.Vol. 6A) requires that, in personal injury actions, prejudgment interest be calculated from the date the action accrued until the date judgment was entered. *Mladjan v. Public Service Co.*, 797 P.2d 1299 (Colo. App.1990).

Further, plaintiff's request for interest in his complaint was sufficient to permit an award of prejudgment interest. *Colorado*

*Performance Corp. v. Mariposa Associates*, 754 P.2d 401 (Colo.App.1987).

Thus, we conclude that the trial court's ruling here was correct. C.R.C.P. 60(a) authorized it to amend the judgment at any time. Since the award of interest was required by the pertinent law and the act of amending the judgment was ministerial in nature, the passage of five years is without significance.

## III.

This appeal is neither frivolous nor groundless, and therefore, we reject plaintiff's request for attorney fees.

Judgment affirmed.

SMITH and MARQUEZ, JJ., concur.