Mary JENNINGS; David Small; Brenda Ohlson; Mary Aragon; and Yolanda Neal, Plaintiffs–Appellees and Cross–Appellants,

v.

Irene IBARRA, Director, Colorado Department of Social Services; Colorado Department of Social Services; the Colorado Board of Social Services; and Colorado Department of Revenue, Defendants–Appellants and Cross–Appellees.

No. 94CA1428.

Colorado Court of Appeals,
Div. IV.

May 30, 1996.

Rehearing Denied June 27, 1996.

Faegre & Benson, L.L.P., Natalie Hanlon–Leh, Denver, Legal Aid Society of Metropolitan Denver, Manuel Ramos, Denver, for Plaintiffs–Appellees and Cross–Appellants.

Gale A. Norton, Attorney General, Raymond T. Slaughter, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, David P. Temple, Assistant Attor-

ney General, Denver, for Defendants–Appellants and Cross–Appellees.

Opinion by Judge KAPELKE.

In this class action challenging the legality of the interception of income tax refunds, defendants, Irene Ibarra, in her official capacity, Colorado Department of Social Services (Social Services), Colorado State Board of Social Services, and Colorado Department of Revenue, challenge the trial court's order awarding the plaintiff class postjudgment interest. Plaintiffs cross-appeal, challenging the trial court's denial of their request for an award of prejudgment interest. We affirm.

Plaintiffs, all of whom are public assistance recipients, filed this class action suit seeking declaratory relief and preliminary and permanent injunctions to prevent defendants from intercepting their 1990 income tax refunds as a means of recovering certain alleged overpayments of public assistance benefits. Following the trial court's denial of plaintiffs' motion for preliminary injunction, defendants seized plaintiffs' tax refunds.

On August 5, 1991, plaintiffs filed a motion for summary judgment. On December 4, 1991, the trial court granted plaintiffs' motion, concluding that Social Services had failed to promulgate implementing regulations for the tax intercept program as required by law. On January 6, 1992, the trial court found that plaintiffs were entitled to a refund of all monies intercepted and ordered that defendants deposit them into an interest-bearing account with the court registry pending appeal. The trial court later stayed the order.

Defendants appealed from the summary judgment, and on such appeal, a division of this court affirmed. *Neal v. Ibarra,* (Colo. App. No. 92CA0131, March 18, 1993) (not selected for official publication).

During discussions regarding implementation of the summary judgment order, the parties disagreed as to whether plaintiffs were entitled to interest on the monies intercepted and withheld by defendants. On May 19, 1994, plaintiffs filed a motion for implementation of the trial court's orders, and on July 12, 1994, the trial court ruled that plaintiffs were entitled to postjudgment interest from December 4, 1991, the date of the judgment, but that they were not entitled to an award of prejudgment interest. It is from this order that both parties appeal.

## I.

■ Defendants first contend that plaintiffs' request for postjudgment interest was untimely and that the trial court therefore erred in awarding such interest. We disagree.

In urging that plaintiffs' request was untimely, defendants point out that it was not made until over two years after the trial court's judgment ordering repayment of the intercepted funds. Thus, defendants assert that, because plaintiffs had not sought to amend the judgment within the time allowed by C.R.C.P. 59, the trial court could not award such interest.

■ Section 5–12–106(1)(a), C.R.S. (1992 Repl.Vol. 2) which governs the award of postjudgment interest here provides in pertinent part:

If a judgment for money in a civil case is appealed by a judgment debtor and the judgment is affirmed, interest . . . shall be payable from the date of entry of judgment in the trial court until satisfaction of the judgment and shall include compounding of interest annually.

Thus, the award of postjudgment interest is mandatory rather than discretionary.

In *Crosby v. Kroeger,* 138 Colo. 55, 330 P.2d 958 (1958), our supreme court recognized that when a trial court intends to award interest at the time it enters judgment, but inadvertently fails to do so, the failure to include interest is an oversight or omission and falls squarely within C.R.C.P. 60(a). *See also Brooks v. Jackson,* 813 P.2d 847 (Colo.App.1991).

Under C.R.C.P. 60(a), a judgment may be amended at any time to correct a clerical error.

The defendant in *Crosby v. Kroeger, supra,* argued that the trial court could not properly amend the judgment to add an award of interest some six weeks after the judgment

had been entered. The supreme court rejected that contention and held that when the entitlement to interest is mandatory and the trial court intended, but through oversight neglected, to make such an award, the court may, pursuant to C.R.C.P. 60(a), amend the judgment at any time to include interest. As the supreme court noted, under such circumstances, the amendment is essentially a ministerial act not requiring the exercise of judgment and discretion, and denial of such relief would lead to a gross injustice.

Here, the record reveals that the court intended to make an award of postjudgment interest. On January 6, 1992, it directed that defendants deposit the amount of the intercepted refunds into an interest-bearing account in the court registry. Defendants then moved to amend the order to allow them to establish a special interest-bearing account within the state treasury. The court denied the motion and again ordered defendants to deposit the funds in an interest-bearing account in the court registry. Although the court later stayed the order without bond, pursuant to C.R.C.P. 62(a), it is evident from the record that the court intended that the judgment include an award of postjudgment interest.

Accordingly, the trial court was authorized under C.R.C.P. 60(a) to amend the judgment at any time to add a provision for an award of postjudgment interest.

## II.

■ Defendants next contend that the trial court erred in awarding postjudgment interest because plaintiffs failed to request such interest in their pleadings or in the previous appeal in this court. Again, we disagree.

C.R.C.P. 54(c) provides, in pertinent part: Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.* (emphasis added)

While some statutory interest provisions require a request in the pleadings as a pre-

condition of an interest award, § 15–12–106(1)(a), the applicable provision here, does not. Accordingly, we find no error in the trial court's award of postjudgment interest despite the absence of a request in the complaint.

## III.

■ Defendants also contend that plaintiffs are not entitled to an award of interest under § 5–12–106(1)(a) because the trial court's summary judgment was not a "money judgment." We perceive no error.

By its summary judgment, the trial court determined that plaintiffs' interception of the tax refunds was improper and that plaintiffs were entitled to a refund of the payments that had been intercepted. The judgment entered by the trial court was sufficient to support an award of interest on the amounts that defendants had intercepted and withheld.

Accordingly, the trial court did not err in authorizing the award of postjudgment interest notwithstanding the fact that the summary judgment itself was not in the form of a "money judgment" in a specific amount.

## IV.

■ In their cross-appeal, plaintiffs contend that the trial court erred in denying their request for prejudgment interest. We disagree.

Section 5–12–102(1), C.R.S. (1992 Repl.Vol. 2) provides that when money has been wrongfully withheld, creditors shall receive interest from the date of withholding to the date of judgment.

Plaintiffs first requested an award of prejudgment interest in their motion for implementation of the trial court's orders, filed on May 19, 1994, over two years after the original judgment was entered.

In urging that they were entitled to move at any time for amendment of the judgment to include prejudgment interest, plaintiffs rely on C.R.C.P. 60(a), as well as *Crosby v. Kroeger, supra;* and *Brooks v. Jackson, supra.* However, unlike the situation with respect to the award of *postjudgment* interest,

here there is no indication in the record that the trial court ever intended to make an award of prejudgment interest. Indeed, its denial of such relief following remand indicates that it had not intended to do so.

Under these circumstances, we find persuasive the following discussion in 6A *Moore's Federal Practice* § 60.06[4] at 60–52 (2d ed.1996):

> It is of course possible that the failure to include interest may result from a clerical error, and such would be the case where the judgment rendered failed to reflect the actual intention of the court. But where the court finds no clerical error, then relief for failure to include interest may be had only by a motion under Rule 59 and within its short time limits, by appeal, or by motion under Rule 60(b).

Plaintiffs argue that, under *Brooks v. Jackson, supra,* a failure to include an award of mandatory prejudgment interest is always to be viewed as an oversight or omission which is correctable at any time by amendment of the judgment under C.R.C.P. 60(a). We are not persuaded.

The opinion in *Brooks* does not indicate whether the trial court had intended to include an award of prejudgment interest at the time it originally entered the judgment, and does not address the necessity of considering such intention. We conclude, however, that C.R.C.P. 60(a) does not authorize amendment of a judgment to include interest in situations in which the trial court did not originally intend such an award. In such cases, there has simply been no "clerical mistake" within the meaning of C.R.C.P. 60(a). *See In re Frigitemp Corp.,* 781 F.2d 324 (2d Cir.1986); *McNickle v. Bankers Life & Casualty Co.,* 888 F.2d 678 (10th Cir.1989).

To whatever extent the *Brooks* holding can be read as allowing amendment of a judgment, under C.R.C.P. 60(b), to add interest even if the trial court did not originally intend to make such an award, we decline to follow it here.

Because plaintiffs failed to seek an award of prejudgment interest by motion filed within the time limits provided by C.R.C.P. 59 and also failed in their prior appeal to challenge the trial court's omission of an award of prejudgment interest, we conclude that the trial court properly declined to amend the judgment in this respect.

The order is affirmed.

STERNBERG, C.J., and BRIGGS, J., concur.