BAINBRIDGE, INC., a Colorado corporation; Village Homes of Colorado, Inc., a Colorado corporation; Falcon Development Group, Inc., d/b/a Falcon Homes, a Colorado corporation; LHL I, Ltd., a Colorado corporation; Virden Homes, Inc., a Colorado corporation; The Genesee Company, a Colorado corporation; Sattler Homes, Inc., a Colorado corporation; and Sugarbush Homes, Inc., a Colorado corporation, Plaintiffs–Appellees,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE–1; Douglas County Board of County Commissioners; Robert A. Christensen, James R. Sullivan, and Suzy McDanal, as members of the Board of County Commissioners, Defendants–Appellants.

No. 97CA0895.

Colorado Court of Appeals, Div. II.

May 28, 1998.

Rehearing Denied July 16, 1998.

Certiorari Denied March 29, 1999.*

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

* Chief Justice MULLARKEY would grant as to the following issues:

Whether the court of appeals erred in holding that awarding postjudgment interest more than two years after judgment was entered was harmless error.

Whether the trial court erred in awarding interest at the statutory rate of eight percent in an action for declaratory relief.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Thomas J. Ragonetti, J. Thomas Macdonald, Terence M. Ridley, Denver, for Plaintiffs-Appellees

Caplan and Earnest, Richard E. Bump, W. Stuart Stuller, Boulder, for Defendant–Appellant Douglas County School District RE–1

J. Mark Hannen, Douglas County Attorney, Castle Rock, for Defendants–Appellants Douglas County Board of County Commissioners, Robert A. Christensen, James R. Sullivan, and Suzy McDanal

Opinion by Judge TAUBMAN.

Defendants, Board of County Commissioners of Douglas County, Colorado School District RE–1, Douglas County, Robert A. Christensen, James R. Sullivan, and Suzy McDanal, appeal from the judgment requiring them to pay post-judgment interest on "school impact fees" ordered refunded to plaintiffs, Bainbridge, Inc.; Village Homes of Colorado, Inc.; Falcon Development Group, Inc.; d/b/a Falcon Homes, LHLI, Ltd.; Virden Homes, Inc.; The Genesee Company; Sattler Homes, Inc.; and Sugarbush Homes, Inc. We affirm.

In 1992, plaintiffs commenced this action for declaratory and injunctive relief challenging defendants' authority to assess and collect the impact fees. In 1994, the trial court issued an order declaring that defendants were without authority to impose the fees and an injunctive order requiring defendants to refund fees they had already collected. The supreme court affirmed the trial court's ruling that the fees were improper and remanded the cause with instructions that the injunction be modified to require defendants to refund additional fees collected after the 1994 orders. *See Board of County Commissioners v. Bainbridge,* 929 P.2d 691 (Colo. 1996).

In January 1997, the trial court amended its 1994 injunctive order to conform to the supreme court mandate. Both parties agree that neither the 1994 injunctive order nor the 1997 remand order mentions post-judgment interest.

In March 1997, plaintiffs filed a motion under C.R.C.P. 60(a) and C.R.C.P. 57(h) seeking post-judgment interest pursuant to §§ 5–12–102(4) and 5–12–106(1)(a), C.R.S. 1997. The trial court granted the motion based upon C.R.C.P. 57(h), concluding that plaintiffs were entitled to post-judgment interest under both statutes.

I.

Defendants contend that the trial court erred in awarding statutory interest of eight percent because the 1994 and 1997 orders requiring them to refund the impact fees were not money judgments as contemplated by § 5–12–106(1)(a). We disagree.

In *Jennings v. Ibarra,* 921 P.2d 62 (Colo.App.1996), a division of this court concluded that an order requiring the return of intercepted tax refunds fell within the provisions of § 5–12–106(1)(a). We see no basis upon which to distinguish the order in *Jennings* from the orders at issue here.

Additionally, defendants do not argue that the trial court's injunctive orders fall outside of § 5–12–102(4), the general post-judgment interest statute. We conclude that this statute applies here. Thus, we perceive no error in the trial court's decision to add post-judgment interest at the statutory rate.

II.

Defendants also contend that the trial court erred in relying upon either C.R.C.P. 60(a) or C.R.C.P. 57(h) to enter its order

providing for post-judgment interest. We conclude that any alleged error by the trial court in using C.R.C.P. 57(h) to support its order was harmless.

We have already concluded that the trial court's injunctive orders requiring a refund of fees fell within both § 5–12–102(4) and § 5–12–106(1)(a), thereby affording defendants the right to post-judgment interest.

 The right to post-judgment interest under these statutes is mandatory and attaches even if the interest was not requested in the complaint or other pleadings. *See Jennings v. Ibarra, supra.*

A judgment creditor whose claim falls within the clearly expressed wording of the above statutes is entitled to interest. *See Stone v. Currigan,* 138 Colo. 442, 334 P.2d 740 (1959). As we read *Stone,* a judgment creditor who falls within the coverage of a mandatory post-judgment interest statute need not obtain an additional judgment (or a modification of a previous judgment) specifying that entitlement. Certainly the statutes at issue here contain no such requirement.

While a judgment creditor is free to seek an additional or modified judgment specifying post-judgment interest, *see Jennings v. Ibarra, supra,* it is not necessary that he or she do so. Indeed, if a statute mandates post-judgment interest, that interest is chargeable even if the underlying judgment does not so provide. *See Cooley v. Allstate Insurance Co.,* 443 So.2d 739 (La. App.1983) (though not mentioned in judgment, right to interest attached automatically and without need of amendment to judgment); *Sherard v. State,* 244 Neb. 743, 509 N.W.2d 194 (1993); *Baldwin v. Collins,* 479 P.2d 567 (Okla.1970); *Dairy Distributors, Inc. v. Local Union 976,* 16 Utah 2d 85, 396 P.2d 47 (1964).

Here, the trial court's order explicitly adding post-judgment interest to plaintiffs' judgment did nothing more than clarify a right which had already attached. Consequently, any alleged error by the trial court in the method or means used to enter its order did not affect a substantial right of the parties and is, therefore, harmless. *See*

C.R.C.P. 61; *Dunton v. Whitewater West Recreation, Ltd.,* 942 P.2d 1348 (Colo.App. 1997).

To the extent *Jennings v. Ibarra, supra,* holds that a judgment creditor must obtain an amended judgment including post-judgment interest pursuant to C.R.C.P. 60(a) based upon a showing that the trial court *intended* to award interest at the time it entered the judgment but inadvertently failed to do so, we decline to follow it.

The judgment is affirmed.

Judge CRISWELL and Judge JONES concur.