**In re the MARRIAGE OF Jeffrey S. GUTFREUND, Petitioner**

**and**

**Margaret HUGHES, Respondent.**

**No. 05SC902.**

Supreme Court of Colorado, En Banc.

Nov. 20, 2006.

Fleishman & Shapiro, P.C., A. Craig Fleishman, Denver, Colorado, Attorney for Petitioner.

Margaret Hughes, Pro Se, Denver, Colorado.

Justice MARTINEZ delivered the Opinion of the Court.

We granted certiorari in this case to consider whether depositing funds in a court registry stops post-judgment interest from accruing, and whether a party may seek post-judgment interest on attorneys' fees awarded to the attorney.[1] The court of appeals found that a deposit of funds into the court registry that does not allow access to funds by the opposing party does not satisfy the judgment and thus does not stop post-judgment interest from accruing. The court of appeals also found that post-judgment interest is required on attorneys' fees and may be sought by a party even if the fees were awarded to the attorney. We affirm in part, reverse in part, and remand with directions.

We hold that when Jeffrey Gutfreund ("Husband") deposited funds in the court

---

1. The exact wording of the issues on certiorari arising from the court of appeals decision in *In re the Marriage of Gutfreund,* No. 04CA2382, slip op. at 9, 2005 WL 3006849 (Colo.App. Nov.10, 2005) (not selected for publication) are:

   1. Whether the court of appeals correctly determined that Husband's deposit of funds into the court registry did not stop post-judgment interest from accruing if the funds were not available to Wife.

   2. Whether the court of appeals correctly determined that Wife had standing to seek post-judgment interest on the award of attorneys' fees when her attorney abandoned interest on the award.

registry in lieu of bond, in the amount of the judgment, he did not satisfy the judgment because Margaret Hughes ("Wife") had no access to the funds. No satisfaction of a judgment can occur if the debtor's payment is not accessible to the judgment creditor. Until such time as the funds are accessible to the judgment creditor, the judgment debtor is bound to pay statutory interest on the debt.

We also hold that statutory interest is required on all judgments for money where the debtor appeals and the award is affirmed. The judgment debtor must pay interest on attorneys' fees from the date of judgment to the date those funds are accessible to the creditor, whether that be the spouse or the spouse's attorney. However, unlike the court of appeals, we do not reach the issue of whether Wife may receive the post-judgment interest on attorneys' fees awarded directly to her attorney by the trial court.

## I. Facts and Procedural History

After Wife and Husband sought a divorce, the trial court issued a divorce decree and permanent orders in September 2002. In the permanent orders, the trial court required that Husband pay Wife $170,000 to cover disparities in the property distribution and $37,500 for Wife's attorneys' fees, for a total of $207,500. Husband appealed the order.

In preparing the appeal, Husband filed a motion to place funds, equal to the amount of the judgment, in the court registry for Arapahoe County in lieu of posting appellate bond. Unbeknownst to Husband, monies held by the court registry for Arapahoe County do not accrue interest. After the trial court granted the motion, Husband deposited $221,600 into the court registry. In addition to the $207,500 required by the court, Husband deposited an additional $13,600 to cover interest on the property for one year at eight percent. He did not provide similar funds to pay interest on the property beyond the first year.

Although Husband deposited funds to cover interest on the property distribution for one year, Husband made no contribution to the court registry to cover interest on Wife's attorneys' fees. Neither Wife nor Wife's attorney specifically asserted any right to statutory interest on the attorneys' fees at the time of the appeal.

The court of appeals affirmed the trial court's permanent order in September 2004. When the funds were released, Wife learned that Husband did not deposit funds in an interest-bearing account and only deposited sufficient funds for twelve months of interest on the marital property. Wife petitioned the trial court for interest on the property for the period commencing twelve months after the judgment to the date the funds were released. Wife also asserted a right to interest on the attorneys' fees portion of the order. Husband countered that he satisfied the judgment when he placed funds in the court registry and does not owe any post-judgment interest. Husband also argued that Wife's attorney, and by extension Wife, abandoned any right to post-judgment interest on attorneys' fees when the attorney stated in a motion for an attorneys' lien on the judgment that "[a] dispute has arisen between the parties concerning the interest to be applied to respondent's judgment, however, such matter does not concern [our firm]'s interests."

Without reaching the question of whether Wife or Wife's attorney was entitled to recover post-judgment interest, the trial court ruled against Wife, holding that post-judgment interest did not accrue once Husband deposited the $221,600 into the court registry. Wife appealed. First, Wife argued that Husband owed statutory interest on the marital property for the length of the appeal. Second, Wife argued that Husband owed statutory interest on the attorneys' fees for the length of the appeal.

In an unpublished opinion, the court of appeals awarded Wife both the interest on the marital property and interest on the attorneys' fees. *Gutfreund,* slip op. at 9. The court of appeals held that section 5–12–106(1)(a), C.R.S. (2006), requires post-judgment interest on both the marital property and attorneys' fees. *Id.* at 9. We granted certiorari to review the decision of the court of appeals.

## II. Analysis

Husband argues that the court of appeals erred when it held that his payment to the court registry did not satisfy the judgment and thus relieved him of any obligation to pay post-judgment interest. He further argues that the court of appeals erred in awarding post-judgment interest on attorneys' fees. In reviewing the court of appeals' decision, we begin by analyzing the plain language of the Colorado Revised Statutes section 5–12–106(1)(a). We then apply the statute to the facts in the present case. We find that the court of appeals properly determined that Husband's payment to the court registry was not accessible to Wife and consequently did not satisfy his debt. We also conclude that the court of appeals correctly held that section 5–12–106(1)(a) requires post-judgment interest on attorneys' fees, but we leave for the trial court whether Wife or Wife's attorney will receive the interest on attorneys' fees awarded directly to Wife's attorney.

### A. Satisfaction of the Judgment

When construing a statute, this Court starts with its plain language, to give effect to the ordinary meaning adopted by the General Assembly. *In re Marriage of Chalat*, 112 P.3d 47, 54 (Colo.2005). The statute should be construed as written, because we presume that the General Assembly means what it clearly states. *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 591 (Colo.2005). This Court construes statutes "as a whole in order to give consistent, harmonious, and sensible effect to all of its parts." *Bd. of County Comm'rs, Costilla County v. Costilla County Conservancy Dist.*, 88 P.3d 1188, 1192 (Colo.2004) (quoting *People v. Luther*, 58 P.3d 1013, 1015 (Colo. 2002)); *see also Mountain City Meat Co. v. Oqueda*, 919 P.2d 246, 253 (Colo.1996).

We turn now to the plain language of section 5–12–106(1)(a), which states in part:

If a judgment for money in a civil case is appealed by a judgment debtor and the judgment is affirmed, interest ... shall be payable from the date of entry of judgment in the trial court until satisfaction of the judgment and shall include compounding of interest annually.

§ 5–12–106(1)(a).

This language illustrates two separate but relevant points: first, that appealing judgment debtors pay interest on the judgment when the appeal is affirmed, and second, that debtors appealing a judgment for money pay interest on the judgment sum "from the date of entry of judgment in the trial court until satisfaction of the judgment." § 5–12–106(1)(a). While the statute does not define "satisfaction," a party satisfies a debt when the creditor has been paid and the debtor is no longer obligated to pay that portion of the amount due. *Hohn v. Morrison*, 870 P.2d 513, 516 (Colo.App.1993).

While the Colorado Supreme Court has not previously applied the language of section 5–12–106(1)(a), the court of appeals has addressed the question of judgment satisfaction on various occasions. In each instance, the court of appeals held that post-judgment interest is mandatory until the debt is satisfied. *See Bassett v. Eagle Telecomms., Inc.*, 750 P.2d 73 (Colo.App.1987); *Jennings v. Ibarra*, 921 P.2d 62 (Colo.App.1996); *Bainbridge, Inc. v. Douglas County Sch. Dist. RE–1*, 973 P.2d 684 (Colo.App.1998). All three of the aforementioned cases concerned creditors with no access to funds deposited while the case was on appeal. In each instance, the court of appeals awarded interest on the amount owed from the date of judgment to the date the funds could be accessed by the creditor. The most recent case, *Bainbridge*, concerned a creditor that did not make a claim for post-judgment interest until three years after satisfaction. *Bainbridge*, 973 P.2d 684. Even then, the court of appeals required that interest be paid.

Since 1987, the *Bassett* line of cases has served as the uncontroverted authority on post-judgment interest under section 5–12–106(1)(a). Husband contends that the more recent court of appeals decision, *E–470 Public Highway Authority v. 455 Co.*, 997 P.2d 1273 (Colo.App.1999), provides an exception to the *Bassett* requirement of interest when the funds are not immediately accessible.

In *E–470*, the Public Highway Authority brought a condemnation action to acquire property from several landowners for use in construction of a new turnpike. A condemnation award was entered and the money was deposited in the court registry for immediate distribution to the various landowners. Under the applicable statute, section 38–1–105(6)(b), C.R.S. (2006), the funds were available for immediate withdrawal under the condition that all parties with a financial interest in the property to be acquired consented and agreed to such a withdrawal. *E–470*, 997 P.2d at 1276. When one landowner did not consent, the district court refused to require post-judgment interest. On appeal, the court of appeals affirmed.

Husband contends that his payment to the court registry parallels that made by the Public Highway Authority in *E–470*, and the court of appeals erred when it applied the *Bassett* line of cases instead of *E–470*. We do not agree.

In *E–470*, the court of appeals found that the "owner and others interested collectively could have made a withdrawal of the funds." *Id.* On this basis the court of appeals determined that creditors' access to the funds amounted to satisfaction of the debt. In contrast, the creditors in *Bassett, Jennings,* and *Bainbridge* had no access at all to deposited funds until the appeals were concluded. The court of appeals' decision in the present case further distinguished *E–470* by noting that *E–470* implicates a different statute from that applicable to the present case.

We agree with the court of appeals that eminent domain cases are governed by special statutory procedures, which include section 38–1–116, C.R.S. (2006), specifically addressing interest on condemnations. Section 38–1–116 applies exclusively to eminent domain proceedings and is not applicable to divorce permanent orders.

Because we find section 38–1–116 inapplicable to these proceedings, we also reject Husband's contention that *E–470* is an exception to the *Bassett* line of cases at issue here. Thus, we conclude that section 5–12–106(1)(a) and the *Bassett* cases govern these proceedings. In short, a judgment is not satisfied until funds are accessible, and only at that point does the obligation to pay interest terminate.[2]

Accordingly, we conclude that section 5–12–106(1)(a) requires post-judgment interest until Husband satisfies the judgment. The judgment was not satisfied by the deposit of funds into the court registry in lieu of bond when Wife had no access to the deposited funds.

## B. Interest on Award of Attorneys' Fees

■ We turn now to the Husband's second claim, that the court of appeals erred in holding that Wife had standing to seek post-judgment interest on attorneys' fees. The court of appeals found that when Wife's attorney petitioned to withdraw from the case and perfected an attorneys' lien on Wife's judgment, the twelve percent interest on the lien meant that Wife was obligated to pay that interest. The court of appeals concluded that Wife's continuing obligation to her attorney meant she could claim post-judgment interest on her award for attorneys' fees. The court of appeals found that section 5–12–106(1)(a) makes no exception for attorneys' fees. We agree that attorneys' fees are subject to post-judgment interest, and we are unwilling to read an exception for attorneys' fees into the statute.[3]

---

**2.** Husband's contention that he owed no interest for any of the appeals period because his deposit of funds into the court registry constituted partial satisfaction is also in conflict with his own words. In his December 11, 2002, motion for supersedeas bond, Husband conceded that he was required to pay interest for the length of the appeal if the order was affirmed:

> If [Husband] prevails in the appeal, he should receive the interest and the funds should be returned to him. If [Wife] prevails, she will receive the funds to which she is entitled *and interest on those monies.* (Emphasis added.)

**3.** We note that while this Court has not previously analyzed whether interest is required on attorneys' fees, federal courts have done so, applying statutes of similar wording and with similar purpose. For example, in an action by prisoners challenging prison conditions, a federal district court concluded that interest should accrue on an award of attorneys' fees when the appealing party owes those fees. *Robideau v. O'Brien*, 525 F.Supp. 878, 880 (E.D.Mich.1981).

Before proceeding with the analysis of whether post-judgment interest is due on attorneys' fees, we note that both parties discussed the issue as whether Wife had standing, and we granted certiorari using this same terminology. The issue here, however, does not truly implicate the doctrine of standing to bring a claim. The claims brought in this dissolution proceeding for distribution of property were resolved in the permanent orders. The post-judgment issue here is the statutory requirements for an award of interest on a judgment entered for attorneys' fees directly to the attorney. In considering this question, we note that the trial court is within its authority to award attorneys' fees directly to the attorney.

In the trial court's permanent orders, it determined that "due to the very significant disparity of the financial circumstances of the parties, the Wife is entitled to an award of attorneys' fees." Such a determination falls within the general discretion of the trial court, thus implicating section 14–10–119, C.R.S. (2006), which provides the trial court authority to mandate that one party pay the attorneys' fees of another party and that the award can be made directly to the attorney.

Section 14–10–119 reads in part:

The court from time to time, after considering the financial resources of both parties, may order a party to pay . . . attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

§ 14–10–119.

Section 14–10–119 empowers the trial court to equitably apportion costs and fees between parties based on relative ability to pay. *In re Marriage of Aldrich*, 945 P.2d 1370, 1375 (Colo.1997). Courts are allowed great latitude to craft orders appropriate to the circumstances of a given case. *In re Lishnevsky*, 981 P.2d 609, 612 (Colo.App. 1999). It is within the court's discretion to award attorneys' fees directly to the attorney. *Id.*

In the present case, the trial court asked Wife to submit an affidavit listing her attorneys' fees. She did so, listing expenses totaling $54,000. The court ordered Husband to pay $37,500 of this amount to Wife's attorney, leaving Wife with $16,500 in attorneys' fees. The trial court then crafted a permanent order that required Husband to pay both the money owed to Wife and Wife's attorney, totaling $207,500. Section 5–12–106(1)(a) mandates interest on such an order and Rule 37 of the Colorado Appellate Rules specifies the trial court's authority to mandate interest. Rule 37 and section 5–12–106(1)(a) work in tandem to implement the interest requirement. Appellate Rule 37 states that:

[i]f a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the trial court.

C.A.R. 37. Rule 37 requires courts to implement section 5–12–106(1)(a), mandating interest on appeals.

Consequently, when Husband appealed and the permanent orders were affirmed, he was obligated by the statute to pay interest on that sum. Husband argues that any right to post-judgment interest on the attorneys' fees was "abandoned" when Wife's attorney stated that "a dispute has arisen between the parties concerning the interest to be applied to respondent's judgment, however, such matter does not concern [our firm]'s interests."

Section 5–12–106(1)(a) requires post-judgment interest without regard to whether the judgment is for attorneys' fees, and without regard to whether the judgment award is made directly to the attorney or to the party. Further, section 5–12–106(1)(a) has no requirement that interest must be specifically requested. The fact that the trial court awarded attorneys' fees to Wife's attorney instead of Wife, as it was authorized to do by section 14–10–119, had no effect on the requirement that interest be paid. Rather, section 5–12–106(1)(a) merely provides that post-judgment interest is payable on the amount of the final judgment, "until satisfaction of the judgment." § 5–12–106(1)(a). Interest is required in all instances where a

debtor party appeals and the award is affirmed. The statute is unambiguous on this point, and we are unwilling to read into it exceptions or additional requirements.

■ Finally, we note that Colorado Appellate Rule 37 provides the appellate courts with exclusive authority to determine the applicability of interest. *Pet Inc. v. Goldberg,* 37 Colo.App. 257, 547 P.2d 943, 944–45 (1975). An appeals court may remand with directions that the trial court order interest on the judgment. *Loesekan v. Benefit Trust Life Ins. Co.,* 37 Colo.App. 493, 552 P.2d 36, 37 (1976). Thus, the court of appeals was within its authority to remand to the trial court with directions that statutory interest be awarded on the attorneys' fees from the date of the original order until said order is amended on remand from this Court.

The court of appeals held that Wife is due post-judgment interest on the entire $207,500 award, including the $37,500 that was directly awarded to Wife's attorney in the form of attorneys' fees. While we agree with the court of appeals that Husband owes interest on attorneys' fees from the date of judgment through the appeal, it is unclear whether Wife or Wife's attorney should receive the interest on the $37,500 in attorneys' fees. In light of the attorneys' lien and the statement that Wife's attorney made in his motion for a lien regarding interest on the attorneys' fees, we remand this case with instructions to the trial court to determine whether Wife or Wife's attorney should receive the interest owed on the attorneys' fees. We therefore reverse that portion of the court of appeals opinion stating that Wife alone should recover the post-judgment interest on the $37,500 award of attorneys' fees.

### III. Conclusion

Accordingly, we affirm the judgment of the court of appeals that Husband is bound to pay post-judgment interest on the debt until such time as the funds are accessible by Wife. We also affirm the court of appeals' holding that Husband must pay post-judgment interest on attorneys' fees. However, we reverse that portion of the court of appeals' opinion stating that Wife shall receive the post-judgment interest attributable to the attorneys' fees awarded directly to Wife's attorney and remand the case with instructions to the trial court to determine whether Wife or Wife's attorney shall receive the post-judgment interest on attorneys' fees.