24CA1020 Marriage of Uhlar 05-29-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1020
Douglas County District Court No. 05DR747
Honorable Robert Lung, Judge

---

In re the Marriage of

Katherine Uhlar,

Appellee,

and

Jonathan Uhlar,

Appellant.

---

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by CHIEF JUDGE ROMÁN
Martinez* and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

---

The Demkowicz Law Firm, LLC, Danielle Demkowicz, Centennial, Colorado, for
Appellee

Anne Whalen Gill, LLC, Anne Whalen Gill, Castle Rock, Colorado; Sue Kokinos,
Centennial, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     In this post-dissolution of marriage case involving Jonathan Uhlar (father) and Katherine Uhlar, now known as Katherine Martiny (mother), father appeals the district court's order that adopted a magistrate's decision determining retroactive child support.  We affirm.

## I.     Background

¶ 2     The parties' marriage ended in 2005.  At that time, the district court ordered father to pay mother child support for their two children, M.W. and K.U.

¶ 3     About a decade later, the parties agreed that neither would owe child support to the other.

¶ 4     In February 2018, father moved to modify child support because M.W. was emancipated and K.U. was living with him full time.  The district court ordered child support but after an appeal, a division of this court remanded the case with directions to reconsider child support.

¶ 5     In June 2022, K.U. emancipated.

¶ 6     In August 2023, a magistrate held a hearing on father's modification motion.

1

¶ 7    On September 28, 2023, the magistrate issued a written order. While the existing parenting plan provided for shared time, the magistrate acknowledged that K.U. had been living exclusively with father since 2018. Using Worksheet B (shared physical care), the magistrate determined that father owed mother $7,500 in retroactive child support for the period between February 2018, when he filed his motion, and the child's emancipation in June 2022. *See* § 14-10-122(1)(d), C.R.S. 2024 (Modification of child support is generally "effective as of the date of the filing of the motion."). In doing so, the magistrate denied, as inequitable, his request for retroactive support under Worksheet A (sole physical care). The magistrate reasoned that, despite the child residing with father since 2018, father did not comply with the parenting plan and failed to encourage the sharing of love and affection between the child and mother.

¶ 8    On October 6, 2023, father requested an expedited transcript of the August 2023 hearing.

¶ 9    On October 19, 2023, father timely filed a petition for district court review under C.R.M. 7(a)(5) as well as a separate motion for

an extension of time to file a supporting memorandum brief (memorandum) under C.R.M. 7(a)(6)-(7).

¶ 10     In the motion for extension of time, father explained that he needed the hearing transcript before he could draft and complete the memorandum.  He asked for an additional thirty days to file the memorandum after receiving the transcript.  Anticipating that it would arrive by November 11, 2023, he aimed to file the memorandum by December 11, 2023.  He also stated that he "reserve[d] the right to request a second extension of time if the transcript [was] not received on or before November 11, 2023."

¶ 11     Without setting a deadline, the district court granted the motion for extension of time.

¶ 12     On December 29, 2023, father filed the memorandum.

¶ 13     Mother then moved to "dismiss" the memorandum as untimely.

¶ 14     Father responded, arguing that, consistent with his motion for extension of time and the district court's order "with no stated time frame," the memorandum was timely filed within thirty days of receiving the transcript.  He appended an email indicating that the

3

transcript was electronically sent to him on December 3, 2023. He asserted that he "complied" with the court's order and that the "memorandum should be accepted."

¶ 15     Unpersuaded, the district court found that the memorandum was untimely primarily because of father's earlier representation that he would file a second motion if the transcript was delayed beyond November 11, 2023. The court also noted that his response to the motion to dismiss did not allege good cause for a late filing. Moreover, the court pointed out that his timely petition for review failed to identify any specific errors as required under C.R.M. 7(a)(7). The court added that "there [was] a jurisdictional bar in reviewing the [m]emorandum, and that [f]ather by not timely filing the [m]emorandum or requesting additional time, abandoned the [p]etition for [r]eview."[1] "For all the aforementioned reasons," the court disregarded the untimely memorandum and adopted the magistrate's decision.

¶ 16     Father now appeals.

---

[1] We offer no opinion as to the propriety of the district court's jurisdictional ruling, given that father did not challenge it on appeal.

## II. Discussion

¶ 17 In challenging the district court's adoption of the magistrate's decision, father contends that the court erred by rejecting his memorandum as untimely as it should have found excusable neglect under C.R.C.P. 6(b)(2). To get there, he says that the court's order granting his motion for extension of time was "vague" and that he had made an "honest mistake." We decline to address the issue.

¶ 18 To preserve an issue for appellate review, a party must bring the issue to the district court's attention so that the court can rule on it. *See In re Marriage of Martin,* 2021 COA 101, ¶ 13. We decline to review an issue raised for the first time on appeal. *In re Marriage of Crouch,* 2021 COA 3, ¶ 13.

¶ 19 In the preservation section of his opening brief, father claims that he raised the excusable neglect issue in his response to mother's motion to dismiss. But he took the opposite position there. He maintained that the memorandum "was actually on time" because he "complied with the [c]ourt's [o]rder as written" by "fil[ing] [it] within [thirty] days of receipt of the transcript." He did

not assert in the alternative that, even if untimely, his failure or "honest mistake" should be forgiven due to excusable neglect under C.R.C.P. 6(b)(2). Thus, because he has not preserved his contention regarding excusable neglect, we will not consider it now.[2] *See Martin*, ¶ 13; *see also Crouch*, ¶ 13.

¶ 20    We likewise decline to consider father's undeveloped contention that the district court erred by ultimately adopting the magistrate's decision. *See Vallagio at Inverness Residential Condo. Ass'n v. Metro. Homes, Inc.*, 2017 CO 69, ¶ 40 (An appellate court will "decline to assume the mantle" when parties offer no supporting arguments for their claims.); *In re Marriage of Zander*, 2019 COA 149, ¶ 27 (appellate court may decline to consider an argument not supported by legal authority or any meaningful legal analysis), *aff'd*, 2021 CO 12.

### III.    Appellate Attorney Fees

¶ 21    Mother asks for her appellate attorney fees under section 14-10-119, C.R.S. 2024, based on the disparity in the parties' financial

---

[2] Despite mother's concession that this issue was preserved, "an appellate court has an independent, affirmative duty to determine whether a claim is preserved." *People v. Tallent*, 2021 CI 68, ¶ 11.

resources. *See In re Marriage of Gutfreund*, 148 P.3d 136, 141 (Colo. 2006) ("Section 14-10-119 empowers the [district] court to equitably apportion costs and fees between parties based on relative ability to pay."). Given that the district court is better situated to determine whether the parties' relative financial circumstances warrant such an award, we remand to the district court for it to consider her request. C.A.R. 39.1; *see also Gutfreund*, 148 P.3d at 141; *In re Marriage of Nevedrova*, 2024 COA 112, ¶ 18.

## IV.   Disposition

¶ 22      The order is affirmed, and the case is remanded to the district court to resolve mother's section 14-10-119 appellate attorney fees request.

JUSTICE MARTINEZ and JUDGE BERGER concur.