**STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, STATE OF COLORADO, Petitioner–Appellee,**

v.

**Charles P. CASTEEL, Respondent–Appellant.**

**No. 87CA1976.**

Colorado Court of Appeals, Div. II.

May 4, 1989.

Rehearing Denied June 1, 1989.

Certiorari Denied Oct. 16, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Thomas W. Gibb, Sp. Asst. Atty. Gen., Denver, for petitioner-appellee.

Palo & Palo, Bryce Palo, Grand Junction, for respondent-appellant.

Opinion by Judge SMITH.

In this eminent domain proceeding, the owner of the condemned property, Charles P. Casteel, appeals from the trial court's rule and order computing prejudgment interest pursuant to § 38–1–116, C.R.S. (1982 Repl.Vol. 16A) and the denial of his motion to set aside the ascertainment and assessment and report of the commissioners. The condemning authority, the State Department of Highways (Department) argues that we should dismiss this appeal pursuant to § 38–1–111, C.R.S. (1982 Repl. Vol. 16A). We agree and therefore dismiss the appeal.

In 1981, the Department sought and obtained an order of immediate possession conditioned upon its deposit of funds in an amount deemed by the court as sufficient to satisfy the ultimate amount of just compensation to be awarded. Between September 1981 and August 1985, the Department, on the basis of appraisals it had commissioned, deposited a total of $111,500 in full compliance with the immediate pos-

session order. By September 1985, Casteel had, with the consent of the Department, withdrawn all of these deposits.

In May 1987, a commission of freeholders, appointed by the court to determine the amount of compensation to be paid Casteel, filed a certificate of ascertainment and assessment assessing the total amount of compensation at $126,500. On July 6, 1987, the Department deposited $17,841.48, the difference between the commissioners' award of $126,500 and the $111,500 it had already deposited. In addition, the Department deposited an additional amount representing prejudgment interest. In August 1987, Casteel filed a motion to set aside the ascertainment and assessment and report of the commissioners. This motion was denied in September 1987.

In October 1987, Casteel withdrew the $17,841.48 the Department had deposited after the commissioners' report was filed. The final rule and order of the court adopting the award was entered on November 18, 1987. On November 20, 1987, the Department made a final deposit of $3,444.60 covering the balance ordered by the court as due for prejudgment and post-judgment interest. This amount was withdrawn by Casteel on November 27, 1987.

## I.

The Department contends that the dismissal of Casteel's appeal is mandatory under the provisions of § 38–1–111, C.R.S. (1982 Repl.Vol. 16A). We agree.

The Department argues that Casteel's withdrawal of funds deposited after the commission made its determination of compensation triggers the provisions of § 38–1–111 precluding appeal.

Section 38–1–111 provides in relevant part:

"In cases in which compensation is ascertained, if the owner of the property taken or affected prosecutes an appeal ... the petitioner may pay into court or to the clerk thereof the amount of compensation ascertained and awarded for the use of the owner and shall thereupon be entitled to take possession and use the

property taken or affected the same as if no such appeal had been taken. *The money so deposited shall remain on deposit until such appeal has been heard and determined. If the owner elects to receive such money before the determination of said appeal, the appeal shall thereupon be dismissed so far as such owner is concerned ....*"

■ First, we agree with the Department that § 38–1–111 governs the actions of the parties once compensation has been determined and an appeal initiated.

■ Casteel argues that this statute applies only when the owner retains possession of the property during the appeal. In support of that position, Casteel relies on *City and County of Denver v. Redak,* 494 P.2d 1312 (Colo.App.1971) (not selected for official publication).

In *Redak,* the city moved to dismiss a similar appeal on the basis that the owner, prior to trial, withdrew funds the city had deposited as security when it took possession at the commencement of the eminent domain proceeding. In denying the motion, this court ruled that the owner acted properly under the authority granted by the predecessor statute to § 38–1–105(6), C.R.S. (1982 Repl.Vol. 16A), which expressly grants the owner the right to withdraw funds deposited by the condemning authority when it takes possession prior to trial. Accordingly, we held that the owner could not thereby be precluded from appealing from the rule and order. We agree with this interpretation of the statutory scheme, and hold that Casteel's withdrawals of monies deposited before the final determination of compensation is made does not preclude his appeal from the ultimate determination.

■ Nevertheless, § 38–1–111 deals with the procedure to be followed in the event of an appeal *after* a final determination of compensation has been made. It provides, in essence, that once the actual amount of compensation has been determined and awarded to the owner, the condemning authority may only obtain, or presumably retain, possession by depositing with the court that amount or, at least by

implication, the balance of that amount not already paid. It further provides that, if during the pendency of an appeal by owner, the owner elects to withdraw the funds so deposited, then the appeal is to be dismissed. Further, under the statute, even if the condemning authority appeals, the owner cannot withdraw any deposited funds without posting a bond sufficient under the statute.

■ While it is true that the statute denies any right of absolute possession and use to the condemning authority until the full amount of the determined compensation has been paid into the court, the statutory provisions relative to appeal are, in our view, basically a codification of the common law rule that one who accepts the benefits of a judgment may not thereafter seek reversal of that same judgment on appeal. *See Farmers Elevator Co. v. First National Bank,* 181 Colo. 231, 508 P.2d 1261 (1973). Once the post-determination deposit has been made, it is immaterial who has possession of the property or when such possession was acquired. It is the acceptance of what has been judicially determined to be just compensation, and not the issue of who has possession and control of the property, that determines whether this court has authority to hear the appeal.

■ In October of 1987, Casteel withdrew $17,841.48. On November 27, 1987, he withdrew the Department's final deposit of $3,444.60. Both deposits were made by the Department following the commissioners' determination of compensation in May 1987. By withdrawing funds which were deposited after the value of the property had been determined, Casteel evoked the application of § 38–1–111 and became bound by its provisions.

■ Also, we conclude that § 38–1–111 is clear and unambiguous in setting forth the actions an owner must take to preserve his appeal. When a statute is explicit and unambiguous, its provisions are not open to construction. *State Department of Highways v. Copper Mountain, Inc.,* 624 P.2d 936 (1981). Section 38–1–111 provides the owner the option of either not withdrawing the money which the condemning authority deposited after compensation has been

ascertained and awarded, and perfecting his appeal, or of withdrawing the deposited money and giving up his right to appeal. The statute mandates that compliance with these provisions is necessary for this court to have authority to hear the appeal.

There is no dispute that Casteel elected to withdraw funds which the Department had deposited after the commissioners' determination in May of 1987. Thus, pursuant to the provisions of § 38–1–111, we hold that Casteel's appeal must be dismissed.

Casteel argues that it would be unjust and unfair to dismiss his appeal in light of the Department's consent to the withdrawals. However, when, as here, the statute is the basis for this court's jurisdiction, the parties cannot by their agreement confer such jurisdiction on us.

## II.

Because we dismiss Casteel's appeal, we need not address the other issues raised.

The appeal is dismissed.

STERNBERG and FISCHBACH, JJ., concur.