**E–470 PUBLIC HIGHWAY AUTHORITY, Petitioner–Appellee and Cross–Appellant,**

v.

**The 455 COMPANY, a Colorado general partnership, Respondent–Appellant and Cross–Appellee.**

No. 98CA1829.

Colorado Court of Appeals, Div. II.

Dec. 9, 1999.

Certiorari Denied May 1, 2000.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24-51-1105, C.R.S.1998.

Duncan, Ostrander & Dingess, P.C., Robert R. Duncan, Donald M. Ostrander, Denver, Colorado, for Petitioner–Appellee and Cross–Appellant.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Kenneth K. Skogg, Karen L. Brody, Denver, Colorado, for Respondent–Appellant and Cross–Appellee.

Opinion by Judge CRISWELL.

In this eminent domain action, respondent, The 455 Company (landowner), appeals from the trial court's order denying it interest on the amount initially deposited by petitioner, E–470 Public Highway Authority (the Authority), but not withdrawn. The Authority cross-appeals, complaining of the trial court's award of interest to landowner on the final award, although that award had been deposited with the registry of the court. We affirm in part, reverse in part, and remand with directions.

The Authority filed a petition in condemnation to acquire certain property from landowner. The parties entered into a stipulation authorizing the Authority to take immediate possession of the property upon depositing a specified amount into the registry of the court. That stipulation also allowed landowner to withdraw all of the funds deposited.

The Authority made the deposit called for, and it took possession of the property. However, landowner's attempt to withdraw the funds failed because one of the junior interest holders objected, and under § 38–1–105(6)(b), C.R.S.1999, a withdrawal by a single interest-holder cannot be made under such circumstances.

At the conclusion of the later valuation trial, the commissioners awarded total compensation substantially in excess of the amount of the initial deposit, and the court entered judgment on that award.

The Authority filed its notice of appeal challenging several of the trial court's evidentiary rulings, and landowner cross-appealed. The judgment was affirmed in March 1999. See E–470 Public Highway Authority v. 455 Co., 983 P.2d 149 (Colo.App.1999).

After filing its notice of appeal, but before the issuance of any opinion by this court, the Authority requested permission to deposit, pursuant to § 38–1–111, C.R.S.1999, the balance of the compensation awarded by the commissioners, plus interest, pending determination of the appeals. The trial court entered its order allowing the deposit to be made.

In that order, the court required the Authority to deposit the amount of compensation awarded, less the amount that it had initially deposited. In addition, the court denied to the landowner any interest on the initial deposit, but ordered that interest be paid on the difference between the amount of the final award and the initial deposit up to the date of the final deposit. It also ruled that interest on that difference would continue to accrue after the Authority made that deposit.

The Authority thereafter deposited the amount ordered to be deposited into the registry of the court, including post-judgment interest through the date of that deposit.

It is from the court's order respecting this post-decree deposit from which both land-

owner and the Authority are prosecuting their appeals.

## I.

■ Landowner contends that the court erred by not requiring the Authority to pay interest on the amount initially deposited by the Authority to enable it to obtain immediate possession of the property from the date of possession to the date that the compensation award was filed with the clerk. We disagree.

In an eminent domain proceeding, a court may authorize a petitioner to take immediate possession of the property before a final evaluation of the property is made, if the petitioner deposits a sum with the court sufficient to pay the compensation when it is later ascertained. Section 38–1–105(6)(a), C.R.S. 1999. After the petitioner deposits that sum and takes possession:

> the owner may withdraw from the sum so deposited an amount not to exceed three-fourths of the highest valuation evidenced or testimony presented by the petitioner at the hearing for possession, unless the petitioner agrees to a larger withdrawal, *if all parties interested in the property sought to be acquired consent and agree to such withdrawal.*

Section 38–1–105(6)(b), C.R.S.1999 (emphasis supplied).

If a petitioner takes possession of the property pursuant to § 38–1–105(6), interest must be paid on the award from the date of possession of the property to the date the award is filed with the clerk of the court. One exception to this rule is that:

> No interest shall be allowed on that portion of the award which *the owner and others interested received or could have received* as a partial payment by withdrawal from the deposit as provided in section 38–1–105(6)
>
> . . . .

Section 38–1–116, C.R.S.1999. (emphasis supplied)

Landowner asserts that it tried to withdraw the funds deposited by the Authority, but that one of the other parties claiming an interest in the property refused to consent to landowner's proposed withdrawal. Consequently, landowner was prevented from withdrawing the funds due to the restriction contained in § 38–1–105(6)(b). It argues that the pertinent exception in § 38–1–116 does not apply, therefore, because landowner did not have the ability or the legal right to withdraw the funds. We disagree with this interpretation of § 38–1–116.

■ In construing statutory provisions, our obligation is to give full effect to the legislative intent. If the legislative intent is conveyed by the plain meaning of the statutory language, we look no further. *Gorman v. Tucker By & Through Edwards,* 961 P.2d 1126 (Colo.1998); *Lymburn v. Symbios Logic,* 952 P.2d 831 (Colo.App.1997) (if statutory language is clear and unambiguous, it is not necessary to resort to rules of statutory construction; statute must be applied as written, unless such application produces an absurd result).

■ Contrary to landowner's argument, the pertinent exception in § 38–1–116 is not limited to the circumstance in which an owner of property alone has the absolute legal right to withdraw funds deposited by a petitioner. Rather, the exception is more inclusive and clearly encompasses those circumstances, such as those here, in which the "owner and others interested" collectively could have made a withdrawal of the funds.

Hence, we agree with the Authority that, under the terms of the stipulation for possession, the landowner, with the consent of the other interested parties, could have withdrawn 100% of the funds deposited with the court pursuant to § 38–1–105. Hence, the pertinent exception in § 38–1–116 applies, and the trial court properly refused to require the payment of interest on the amount of the Authority's initial deposit.

## II.

■ Both parties dispute the court's ruling with respect to the amount of post-judgment interest. Landowner contends that the court erred by failing to require the Authority to pay post-judgment interest on the immediate possession deposit. The Authority

argues that the court erred by determining that it was liable for post-judgment interest on the balance of the compensation award following its deposit of the funds into the registry. Given our previous resolution of the question of the interest payable on the initial deposit, we reject landowner's contention. However, we agree with the Authority that it owes no interest after it made its final deposit of the amount of the award plus appropriate interest to the date of that deposit.

 The eminent domain statute dictates the procedure to be followed in the event of an appeal. Section 38–1–111, C.R.S.1999, provides that, after the actual amount of compensation has been determined and awarded to the owner, a petitioner may obtain (or presumably retain) possession of the property only by depositing into the court's registry the balance of the compensation awarded. It further provides that, if, during the pendency of an appeal by the owner, the owner elects to withdraw the funds so deposited, the appeal is to be dismissed. However, if the petitioner appeals, the owner may withdraw the funds prior to the conclusion of the appeal, but only upon the posting of a bond in an amount equal to twice the amount of the compensation awarded. Section 38–1–111, C.R.S.1999; *State Department of Highways v. Casteel,* 781 P.2d 108 (Colo.App. 1989).

 The eminent domain statutes do not specifically address the question of post-judgment interest. Therefore, once the amount of the compensation award has been ascertained, the result is the same as any other judgment, and the general interest statutes apply. *Denver Urban Renewal Authority v. Hayutin,* 40 Colo.App. 559, 583 P.2d 296 (1978).

If a judgment for money in a civil case is appealed by a judgment debtor and the judgment is affirmed, interest is payable from the date of entry of judgment until the judgment is satisfied. Such interest is to be compounded annually. Section 5–12–106(1)(a), C.R.S.1999.

 However, a payment into the court registry constitutes a partial satisfaction of the judgment for the amount tendered and terminates the accrual of interest on that amount. *Bassett v. Eagle Telecommunications, Inc.,* 750 P.2d 73 (Colo.App.1987); *Indian Mountain Metropolitan Recreation & Park District v. J.P. Campbell & Associates,* 921 P.2d 65 (Colo.App.1996) (plaintiff could have avoided accrual of interest during period of defendant's appeal had it deposited amount of judgment into court registry).

 By depositing funds into the court registry, even if done for the sole purpose of maintaining possession of property in an eminent domain proceeding pending appeal, a petitioner relinquishes control of those funds and transfers to the property owner the right to withdraw and use those funds. At that point, the petitioner is no longer responsible for the productive use of the funds, and the property owner is not entitled to complain about the failure of the funds to generate interest. Although a property owner is required to post a bond to obtain the use of the funds, any premium paid for such a bond is a cost recoverable by the owner, as the Authority here concedes. C.A.R. 39(e). *Cf. Berner v. British Commonwealth Pacific Airlines, Ltd.,* 362 F.2d 799 (2d Cir.1966).

Here, a portion of the award had been deposited in the court registry prior to the valuation trial, and that sum remained in the court registry following the entry of judgment. Landowner could have withdrawn that sum at any time after the judgment was entered, and therefore, post-judgment interest did not accrue on that amount. Although interest accrued on the balance of the award following the entry of judgment, the accrual of interest on that balance ceased when the Authority deposited the balance into the court registry.

We conclude, therefore, that the trial court properly determined that no interest accrued on the amount of the immediate possession deposit. However, we also conclude that the court erred by determining that interest continued to accrue on the balance of the award following its deposit by the Authority.

We affirm the order denying interest on the amount of the Authority's initial deposit, but we reverse the order awarding landown-

er interest on the balance of the compensation award after the date that the Authority deposited the amount of that award, with interest to the date of deposit, with the court's registry, and we remand the cause to the district court with directions that it disburse any sums on deposit with its registry in accordance with the views contained in this opinion.

Judge MARQUEZ and Judge RULAND, concur.