FILED
United States Court of Appeals
Tenth Circuit

March 10, 2015

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DIANE DAVID,

      Plaintiff - Appellant,

v.

SIRIUS COMPUTER SOLUTIONS,
INC.,

      Defendant - Appellee.

No. 14-1125

---

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:11-CV-02030-RPM)**

---

Danielle C. Jefferis (Darold W. Killmer, with her on the briefs), Killmer, Lane &
Newman, LLP, Denver, Colorado, for Plaintiff-Appellant.

Ian S. Speir of Lewis Roca Rothgerber, LLP, Colorado Springs, Colorado (David
M. Hyams of Lewis Roca Rothgerber, LLP, Denver, Colorado, and William D.
Nelson of Lewis Roca Rothgerber, LLP, Colorado Springs, Colorado, with him on
the brief), for Defendant-Appellee.

---

Before **TYMKOVICH, GORSUCH,** and **BACHARACH**, Circuit Judges.

---

**GORSUCH**, Circuit Judge.

---

      Diane David sold computer equipment and she was good at it. She had a

lucrative nationwide client base. No surprise, then, that Sirius Computer

Solutions came knocking on her door, asking her to take a job selling its equipment. The company promised Ms. David that she could continue to serve her existing customers even after she went to work for Sirius. On this understanding, Ms. David signed up. But soon enough Sirius backtracked, refusing to allow Ms. David to conduct business with her outside clients. So Ms. David sued, alleging that the company's recruiting promises negligently misrepresented the actual terms of employment — and that the company's misrepresentations took a toll on her both financially and emotionally. A jury mostly agreed with Ms. David, returning a verdict for her on the negligent misrepresentation claim and awarding damages of $231,665 in "economic losses or injuries" but declining any damages for "noneconomic losses or injuries."

After trial, Ms. David filed a motion under § 13-21-101 of the Colorado Revised Statutes, which guarantees prejudgment interest "[i]n all actions brought to recover damages for personal injuries." Because the jury found Ms. David suffered only economic losses, the district court seemed to assume she had suffered no "personal injur[y]" and denied her motion for prejudgment interest. And that's the nub of the matter now before us. Ms. David argues that her suit was brought to recover damages for a personal injury and that the district court was wrong to equate personal injuries with noneconomic losses.

The statute's plain language suggests Ms. David may have a point. It focuses on whether the plaintiff "brought" an "action[]" to "recover damages for

- 2 -

personal injuries." And often enough in the law a "personal injury" is understood to mean "[a]ny invasion of a personal right." Black's Law Dictionary 802 (Bryan Garner ed., 8th ed. 2004). Indeed, in Colorado torts are classified as either involving injuries to property or persons and "[a] tort which is not an injury to property is" treated, by definition, as an injury to the person. *Brooks v. Jackson*, 813 P.2d 847, 848 (Colo. App. 1991) (quoting *Mumford v. Wright*, 55 P. 744, 746 (1898)). So the statute seems to focus our attention on the question whether the plaintiff's "action[]" was "brought" to recover "damages" for the invasion of a right belonging to a person rather than for the violation of a property right. Very much as happened here when Ms. David brought suit seeking damages for a misrepresentation made to her, not for any damage to property personal or real. Nothing in the statute's terms seems to require an inquiry into the particular type of compensatory damages (economic or noneconomic) the jury eventually awards. And it's surely the case that lawsuits aimed at vindicating "personal injuries" do often wind up yielding "economic" damages. Take, for example, a defamatory comment. Like a claim for misrepresentation it's a personal injury under Colorado law and yet it can, exactly as here, diminish a plaintiff's earnings or business prospects and so produce economic as well as noneconomic damages. *See id.* at 848-49.

Tending to confirm Ms. David's understanding of the statutory text is the fact the Colorado General Assembly has repeatedly demonstrated its ability and

willingness to specify a more limited class of personal injuries or damages when it wishes. In a nearby section, the legislature employed the term "physical injury." Colo. Rev. Stat. § 13-21-124. In several statutory provisions it used the phrase "bodily injury." *See, e.g.*, *id.* §§ 13-21-107, -117.5, -124. The General Assembly has distinguished as well between "economic" and "noneconomic loss or injury." *See id.* § 13-21-102.5. Yet the statute before us makes use of none of these distinctions. It does not limit prejudgment interest to cases involving physical injuries, bodily injuries, or noneconomic damages. Instead, it permits interest in any action brought seeking compensation for a personal injury without any apparent consideration to the nature of the compensatory damages the jury happens to award. In light of so many other narrower choices it made in so many other related statutes, the General Assembly's decision to use comparatively broad language here seems to take on an even more deliberate hue. *See, e.g.*, *Roberts v. Sea-Land Servs., Inc.*, 132 S. Ct. 1350, 1357 n.5 (2012) (explaining that when Congress uses "different language" in different parts of the same statute, we normally "assume[] different meanings were intended" (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004)) (internal quotation mark omitted)).

Another clue still points in the same direction. Ms. David's interpretation yields a comprehensive statutory structure providing prejudgment interest in tort cases where compensatory damages are awarded. As we've seen, Colorado law

distinguishes between personal and property torts.  And under Ms. David's interpretation, § 13-21-101 provides for prejudgment interest in the former class of cases while § 5-12-102 does so "[w]hen money or property has been wrongfully withheld."  *See, e.g.*, *Ferrellgas, Inc. v. Yeiser*, 247 P.3d 1022, 1028 (Colo. 2011).  One can easily see, as well, why the law might permit prejudgment interest in all such cases.  Compensatory damages, whether of the economic or noneconomic stripe, are designed to make the injured party whole.  Prejudgment interest shares this same function, seeking to ensure tort victims are compensated for the loss associated with the delay in receiving payment occasioned by court proceedings.  *See, e.g.*, *Allstate Ins. Co. v. Starke*, 797 P.2d 14, 19 (Colo. 1990).

Meanwhile, Sirius's contrary interpretation introduces a peculiar gap in the statutory scheme.  Under its interpretation, prejudgment interest would be available in most tort cases — but not for the narrow class of cases that involve personal injuries resulting only in economic damages.  Yet Sirius has offered no evidence suggesting that's a gap the General Assembly intended.  To be sure, the General Assembly has capped noneconomic damages, perhaps out of skepticism that such things can be easily measured and perhaps worried that they may be more easily exaggerated than economic losses.  Colo. Rev. Stat. § 13-21-102.5.  But Sirius cites no comparable evidence suggesting a lack of legislative solicitude for prejudgment interest in cases involving economic damages or any reason at all why the law should take that incongruous shape.  In these circumstances it seems

- 5 -

to us Ms. David's interpretation has the better of it when it comes to taking in "the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

Finally, precedent supports Ms. David's position, or at least doesn't compel a different result. While the Colorado Supreme Court hasn't squarely addressed the issue we face, in *Morris v. Goodwin*, 185 P.3d 777 (Colo. 2008), the court didn't seem to have any problem applying § 13-21-101 to both economic and noneconomic damages when all the damages stemmed from a personal injury. *Id.* at 778, 780. Sirius says its contrary position finds support in *Schuessler v. Wolter*, 310 P.3d 151 (Colo. App. 2012), and *Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582 (Colo. App. 2007). But we don't see much help for the company in those Colorado Court of Appeals decisions — neither of which is binding on us in any event. The *Schuessler* court did decline to award prejudgment interest under § 13-21-101. But that wasn't surprising because the damages there resulted from the defendant's wrongful withholding of money or property (insurance benefits) — just the sort of injury that calls for prejudgment interest under § 5-12-102. *See Schuessler*, 310 P.3d at 157. In *Antolovich*, the court noted that the plaintiff's personal injury resulted from "intangible, subjective, noneconomic losses, including inconvenience and loss of peace of mind" and proceeded to deem prejudgment interest appropriate under § 13-21-101. 183 P.3d at 611. All that, too, is entirely consistent with our decision today.

After all, acknowledging that personal injuries can give rise to noneconomic losses, as *Antolovich* did, does nothing to undermine the established fact that personal injuries can also give rise to economic losses, *see, e.g., Brooks*, 813 P.2d at 848-89.

The case is remanded for an award of prejudgment interest.